UNITED STATES DISTRICT COURT
                              DISTRICT OF MASSACHUSETTS

_____
                                          )
E. VICTORIA DAVIS,                        )
                                          )
         Plaintiff,                       )
                                          )       Civil No.
         v.                               )       13-10821-FDS
                                          )
DEREK MACINTYRE and KEYLN                 )
HARRELL, *in personam,* and UNNAMED       )
VESSEL (MS1984DM)(HIN:                    )
MRKA0048K788), *in rem*,                  )
                                          )
         Defendants.                      )
_____ )

### MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' MOTION FOR LEAVE TO WITHDRAW ADMISSIONS

**SAYLOR, J.**

This is an action arising out of a boating accident on the Ipswich River. Plaintiff E. Victoria Davis contends that defendants Derek MacIntyre and Kelyn Harrell caused a collision between their boat and the boat Davis was operating, resulting in serious injury to her. The complaint asserts claims of negligence against all three defendants and gross negligence against defendants MacIntyre and Harrell.

On August 12 and September 16, 2013, Davis served requests for admissions on MacIntyre and Harrell. MacIntyre and Harrell failed to respond to those requests. Pursuant to Fed. R. Civ. P. 36(a)(3), that failure resulted in the matters set forth in the request. At the time, defendants were represented by counsel.[1]

On January 16, 2014, plaintiff moved for summary judgment, largely on the basis of the

---

[1] Counsel later withdrew (on October 28, 2013) and defendants proceeded *pro se* for a period of time.

facts deemed admitted because of defendants' failure to respond. Defendants then secured new counsel, who entered appearances on February 3 and 4, 2014. On February 21, 2014, counsel filed an opposition to the motion for summary judgment and moved for leave to withdraw the admissions. On March 21, 2013, the Court heard oral argument on the motions.

I.      **Motion for Leave to Withdraw Admissions**

Fed. R. Civ. P. 36(b) permits the withdrawal of admissions "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Prior to the time of trial, this standard is "permissive." *Brook Vill. N. Associates v. Gen. Elec. Co.*, 686 F.2d 66, 70, 73 (1st Cir. 1982).

Under the circumstances presented here, the Court will permit the admissions to be withdrawn. The Court is not convinced that any serious prejudice will result, and allowing withdrawal will permit resolution of the case on the merits.

First, withdrawal would not prejudice plaintiff. Certainly, the case will take longer to resolve and the parties will incur the costs of additional discovery that would be unnecessary if the facts were not admitted. But plaintiff filed her complaint less than one year ago and the case is therefore at a relatively early stage. Moreover, the discovery costs would have been incurred anyway, and should be relatively low, given that witnesses are local and located in the same general area.

Second, withdrawal of the admissions will promote the presentation of the merits of the action. Currently, defendants are deemed to have admitted to full liability for negligence and gross negligence and damages in the amount of $600,000. Other than the admissions, the facts

are largely drawn from plaintiff's own account and a state criminal proceeding in which MacIntyre and Harrell pleaded guilty, agreeing to certain matters as presented by the prosecutor. Thus, the underlying facts are somewhat one-sided, particularly as to the questions of gross negligence and damages. Further development of the factual record will permit the case to be resolved on the merits.

Accordingly, defendants' motion to withdraw the admissions will be granted. In light of the withdrawal of the admission, the Court will grant both parties an extension of the fact and expert discovery periods. The revised discovery schedule will be set at the next conference.

## II. Motion for Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). With the admissions withdrawn, it appears that there are substantial disputes of material fact that render summary judgment inappropriate. Accordingly, plaintiff's motion for summary judgment will be denied without prejudice to its renewal.

## III. Conclusion

For the foregoing reasons, defendants' motion for leave to withdraw admissions is GRANTED. Plaintiff's motion for summary judgment is DENIED.

**So Ordered.**

    /s/ F. Dennis Saylor
    F. Dennis Saylor IV
    United States District Judge

Dated: March 25, 2014